IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-HC-02116-M

| | | |
|---|---|---|
| DARRON JERMAINE JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DEAN LOCKLEAR, | ) | |
| | ) | |
| Respondent. | ) | |

On May 25, 2021, Darron Jermaine Jones ("petitioner"), a state inmate, filed *pro se* a petition seeking a writ of mandamus that the court construes as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Pet. [D.E. 1].

The court now conducts its preliminary review under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, for the reasons discussed below, dismisses the petition without prejudice.

Petitioner's Filing:

Petitioner asserts: he filed a petition for a writ of habeas corpus in Wayne County circa August 27, 2019; the Honorable William W. Bland ("Judge Bland") denied the petition on October 8, 2020; petitioner appealed; the North Carolina Supreme Court dismissed his appeal as moot on December 21, 2020; and the North Carolina Court of Appeals denied his appeal on February 25, 2021. Id. at 3–4. Petitioner contends that: Judge Bland "is clearly incompetent" because he did "not know the difference between writ of habeas corpus affidavit of fact and a motion [sic]"; Judge Bland erred because a "writ of habeas corpus affidavits must be answered and rebutted point by point [sic]"; and that Judge Bland's "actions declares that his authority is greater not only then the

Supreme Court but the United States republic constitution [sic]." Id. at 4–5. Petitioner cites to various North Carolina statutes and state constitutional provisions. Id. at 6.

For relief, petitioner asks: 1) the court to "reverse and remand [Judge Bland's] order to deny petitioner writ of habeas corpus"; 2) to direct Judge Bland "to answer and rebut to petitioner writ of habeas corpus point by point"; 3) "for the respondent to present written documentation of proof of jurisdiction"; 4) "to discharge the petitioner immediately from the custody and control of the respondent"; 5) "to appoint petitioner counsel"; and 6) "to compensate petitioner for 14 years of wrongful incarceration, cruel and unusual punishment, mental stress." Id. at 8–9.

Discussion:

First, to the extent petitioner's instant filing is a petition for a writ of habeas corpus under § 2254, publicly available records reflect that petitioner is incarcerated pursuant to his February 2, 2008, conviction in Wayne County. See N.C. Dep't of Pub. Safety, Offender Pub. Info., https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0748984&searchOffenderId=0748984&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (visited Feb. 23, 2022). Petitioner, however, filed a prior §2254 petition challenging this state-court judgment of conviction. Jones v. State of North Carolina, No. 5:11-hc-02099-FL (E.D.N.C.), Order [D.E. 12] (Feb. 17, 2012) (granting respondent's motion for summary judgment and denying a certificate of appealability), Op. [D.E. 18] (June 19, 2012) (dismissing an appeal to the U.S. Court of Appeals for the Fourth Circuit ("Fourth Circuit") in an unpublished, per curiam opinion).

Thus, because petitioner attacks the same February 2, 2008, Wayne County conviction, the instant § 2254 habeas petition is "second or successive." Burton v. Stewart, 549 U.S. 147, 153 (2007) (per curiam) (finding a petition is "second or successive" when a petitioner challenges "the same custody imposed by the same judgment of a state court"). Before petitioner may file a

2

"second or successive" section 2254 petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also Magwood v. Patterson, 561 U.S. 320, 330–31 (2010).

Here, because petitioner failed to obtain prior authorization from the Fourth Circuit before filing this "second or successive" section 2254 habeas petition, the court lacks jurisdiction to review the instant petition. See 28 U.S.C. § 2244(b)(3)(A); Burton, 549 U.S. at 152–53; United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); In re Williams, 364 F.3d 235, 238 (4th Cir. 2004); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Next, to the extent petitioner's filing instead seeks a writ of mandamus, he fails to show clear and indisputable entitlement to this drastic remedy which may be invoked only in extraordinary situations. See Heckler v. Ringer, 466 U.S. 602, 616–17 (1984); Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 402 (1976); Cumberland Cty. Hosp. Sys., Inc. v. Burwell, 816 F.3d 48, 52 (4th Cir. 2016); United States v. Moussaoui, 333 F.3d 509, 516 (4th Cir. 2003); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) ("The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear and indisputable." (quotations omitted)).

Next, to the extent petitioner seeks appointment of counsel, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989). "Exceptional circumstances" that contemplate appointment of counsel in *pro se* civil cases arise when the movant lacks capacity to represent himself; this is a determination by the court that "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163.

3

Here, because this action is not complex, and because petitioner's filings indicate that he presently possesses the capacity to proceed *pro se*, petitioner fails to demonstrate "exceptional circumstances" meriting appointment of counsel. Cf. Whisenant, 739 F.2d at 163.

Next, to the extent that petitioner instead seeks compensation for his conditions of confinement or his purportedly wrongful incarceration, such claims do not sound in habeas. See Nelson v. Campbell, 541 U.S. 637, 643, 646 (2004) (noting "constitutional claims that merely challenge the conditions of a prisoner's confinement" fall outside of the "core" of habeas corpus petitions, and "damages are not an available habeas remedy."); Preiser v. Rodriguez, 411 U.S. 475, 488–90 (1973) (distinguishing between habeas petitions and civil-rights actions); Wilson v. Johnson, 535 F.3d 262, 265 (4th Cir. 2008). The court dismisses these claims without prejudice and makes no findings as to petitioner's likelihood of success on these claims in any future action.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## Conclusion:

In sum, the court: DISMISSES WITHOUT PREJUDICE the instant section 2254 habeas petition as "second or successive"; DENIES the petition to the extent petitioner seeks a writ of mandamus; DENIES a Certificate of Appealability; and DIRECTS the clerk to close the case.

SO ORDERED. This 23d day of February 2022.

Richard E Myers II
RICHARD E. MYERS II
Chief United States District Judge